UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEVONTE FRANCIS**                              **CASE NO. 6:25-CV-01145**

**VERSUS**                                       **JUDGE JAMES D. CAIN, JR.**

**EXPERIAN INFORMATION SOLUTIONS     MAGISTRATE JUDGE DAVID J. AYO
INC ET AL**

## MEMORANDUM ORDER

Before the court are a Motion for Preliminary Injunction [doc. 2], Motion to Expedite [doc. 3], Motion for Temporary Restraining Order [doc. 4], and Motion for Service by United States Marshal [doc. 5] filed by plaintiff Devonte Francis. Plaintiff requests injunctive relief in connection with his allegations that various defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; the Civil Rights Act, 42 U.S.C. § 1983; the Trafficking Victims Protection Act, 18 U.S.C. § 1595, and related federal statutes. Doc. 1. Mr. Francis alleges that he is a federally recognized trafficking victim and that defendants are thus required to permanently suppress sixteen tradelines linked to his identity. Doc. 1, ¶ 28; doc. 2, att. 1, p. 1. He further maintains that their refusal to comply results in irreparable harm by way of emotional distress, economic losses, and vulnerability to further financial exploitation. Doc. 2, att. 1, p. 4.

To be entitled to a preliminary injunction, applicants must show "1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer

irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (internal quotations omitted). TROs and preliminary injunctions are considered under the same standard. *E.g.*, *Thompson v. Penny*, 2025 WL 1783842, at *3 n. 27 (E.D. La. June 27, 2025).

As the Middle District of Louisiana recently noted, the Fifth Circuit "has unequivocally held that only the Federal Trade Commission may seek injunctive relief against consumer reporting agencies under the FCRA." *Roussell v. Experian Information Solutions, Inc.*, 2021 WL 7285893, at *1 (M.D. La. Apr. 21, 2021) (citing *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000)). Because the bulk of plaintiff's alleged harm seems linked to relief this court cannot grant, a temporary restraining order is not warranted. Plaintiff's motion for preliminary injunction remains pending, however, and will be referred to the magistrate judge for further adjudication.

As for plaintiff's request to have the United States Marshals Service serve defendants, the court first notes that plaintiff has paid the filing fee and is not proceeding IFP. In such cases, the applicable rule provides that, "[a]t the plaintiff's request, the court **may** order that service be made by a United States marshal or deputy marshal or a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). Thus, appointment of a process server by the court is discretionary in this case. Courts generally will not burden the marshals with such orders "unless they are really necessary" and instead require plaintiffs "to seek service by private means whenever feasible[.]" *White v.*

*Townsend*, 2023 WL 9229115, at *2 (E.D. Tex. Jan. 13, 2023) (internal quotations omitted). For cause plaintiff cites the exigency of these proceedings, the multi-jurisdictional nature of defendants, an alleged risk of evasion or delay, and the complexity of his claims. But the court has already found that expedited relief under a TRO is not warranted, and out-of-state defendants may be served by mail under the state's long-arm statute. Corporate defendants are scarcely able to evade such service. Accordingly, plaintiff's request is premature.

For the reasons stated above, **IT IS ORDERED** that the Motion to Expedite Hearing, Motion for Temporary Restraining Order, and Motion for Service by United States Marshal [docs. 3, 4, 5] be **DENIED**. **IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction [doc. 2] be **REFERRED** to Magistrate Judge David J. Ayo for disposition, after defendants have been served and made an appearance.

**THUS DONE AND SIGNED** in Chambers on the 12th day of August, 2025.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**