UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEVONTE FRANCIS** | **CASE NO. 6:25-CV-01145** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **EXPERIAN INFORMATION SOLUTIONS INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the court are Motions to Set Aside Default [docs. 79, 81, 113, 137] filed, respectively, by defendants Toyota Motor Credit Corporation ("TMCC"); Transportation Alliance Bank, Inc. ("TAB"); Maximus Education, LLC d/b/a Aidvantage ("Aidvantage"); and Possible Financial, Inc. ("Possible") pursuant to Federal Rule of Civil Procedure 55. The movants also request an extension of time to file an answer. *See id.* The motions are all opposed by pro se plaintiff Devonte Francis, who has filed corresponding motions for default judgment against the movants. *See* docs. 30, 67, 93, 132.

### I.
### BACKGROUND

Plaintiff filed suit against various financial institutions and credit agencies in this court, in addition to the United States Department of Education and John Does 1–10, on August 8, 2025. Doc. 1. He raises claims "for violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Unfair, Deceptive, or Abusive Acts or Practices, Racketeer Influenced and Corrupt Organizations Act, Trafficking Victims Protection Act, Computer Fraud and Abuse Act, and Civil Rights Under 42 U.S.C. § 1983." *Id.* at 1. His

claims are centered on allegations that he is a recognized victim of trafficking and that the financial institutions and credit agencies were therefore required by Consumer Financial Protection Bureau ("CFPB") order No. 25014-18765891 to delete certain tradelines and refrain from any collection activity associated therewith. Notably, among over 400 pages of exhibits provided to this court, plaintiff has yet to provide the referenced CFPB order.

Plaintiff filed returns of service for the movants and moved for entry of default within a week of the expiration of their respective answer due dates. *See* docs. 30, 63, 91, 130. He then filed motions for default judgment. Docs. 30, 67, 93, 132. The movants all move to set aside their defaults, providing grounds for their original failure to answer and asserting that default judgment is inappropriate. Docs. 79, 81, 113, 137.

TMCC states that it mistakenly calendared its answer deadline for October 1, 2025, though the actual due date was September 30. Doc. 79, att. 1. On October 1, TMCC filed a notice of appearance and request for extension, which was marked as deficient because plaintiff had already moved for and received a clerk's entry of default that date. Docs. 63, 64, 69. TAB also made a calendaring mistake as to its answer, because it did not receive the complaint from its registered agent for three days due to Labor Day weekend closures and thus calculated its answer due date from September 2 rather than August 30. Doc. 81, att. 1, p. 2. Aidvantage, a loan servicer for the U.S. Department of Education, maintains that, despite the proof of service, it has no record of receiving the complaint because the complaint was sent to its general correspondence address rather than its registered agent for service in Louisiana or at its principal place of business in Virginia. Doc. 114, att. 1. Instead, Aidvantage only learned of the default a few weeks later when it received notice

from the Department of Education. *Id.* It then reviewed the docket sheet and acted within a week to move to set aside the default. *Id.* Finally, Possible provides that it was preparing a motion to dismiss to file by its answer due date but that its counsel of record inadvertently missed an email containing a draft of that motion. Doc. 137, att. 1. On October 29, 2025, the day after Possible's answer was due, plaintiff moved for and obtained a clerk's entry of default and then moved for a default judgment. Docs. 130–32. The same day, Possible filed its motion to set aside default and opposition to the default judgment. Doc. 137. Plaintiff opposes all of the motions, accusing the defendants of willful neglect and arguing that he will suffer prejudice in the form of delay and increased litigation costs. Docs. 86, 87, 122, 141.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Three factors guide this determination: "(1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). Courts may also consider other factors, including whether the defendant acted expeditiously to correct the default. *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Defaults are generally disfavored and a motion to set aside should be granted "[u]nless it appears that no other injustice results from the default." *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotations omitted). Motions to set aside an entry of default are more commonly granted than motions to set aside default

judgments. *Pelican Renewables 2, LLC v. Directsun Solar Energy & Technology, LLC*, 325 F.R.D. 570, 575 (E.D. La. 2016) (citing *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008)).

"A finding of willful default," however, "ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Koerner*, 910 F.3d at 225. "Absent a record that indicates willfulness, a mistake regarding the course of litigation that causes a failure to respond is not willful." *Wilson v. Kemper Corporate Servs., Inc.*, 635 F.Supp.3d 506, 519 (S.D. Miss. 2022) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292–93 (5th Cir. 2000)). In the absence of a legitimate claim of prejudice, the court is required to resolve all doubts in favor of the defaulting party. *Alston v. Prairie Farms Dairy, Inc.*, 2019 WL 2719793, at *2 (N.D. Miss. June 28, 2019) (citing *Jenkens & Gilchrist*, 542 F.3d at 123).

This matter is in its infancy. Plaintiff has moved for defaults and default judgments within startling alacrity. Other defendants have filed motions to dismiss, which are still pending before the court. Movants did not act with any undue delay, and setting aside their defaults will only set their own anticipated motions to dismiss for briefing a few weeks behind schedule of the other defendants. Additionally, no prejudice exists where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Instead, the plaintiff must show that any delay caused by the default "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Plaintiff makes no such showing. Therefore the court must credit

defendants' reasons for failing to file timely answers, and both the first and second factors weigh in favor of setting aside the defaults.

As to the existence of meritorious defenses, plaintiff maintains that he has established the elements of his claims by reference to the above-cited CFPB order. But plaintiff has not provided that order, despite repeated assertions that it is attached, and the court cannot locate it after a reasonable inquiry. On a default judgment, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Even if this matter were to proceed to a default judgment, the court doubts it could find sufficient support in the complaint to grant judgment as a matter of law on plaintiff's claims. And the pending motions to dismiss filed by other defendants suggest other meritorious defenses. All factors thus weigh in favor of setting aside the defaults.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motions to Set Aside Default and related Motions/Requests for Extensions [docs. 79, 81, 113, 137] be **GRANTED**. Accordingly, the defaults entered against movants Toyota Motor Credit Corporation; Transportation Alliance Bank, Inc.; Maximus Education, LLC d/b/a Aidvantage; and Possible Financial, Inc. are hereby set aside and movants are given **fourteen** days from entry of this order to file responsive pleadings. **IT IS FURTHER ORDERED** that the corresponding Motions for Default Judgment [docs. 30, 67, 93, 132] filed by plaintiff be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of November, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**