UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEVONTE FRANCIS**            **CASE NO. 6:25-CV-01145**

**VERSUS**                     **JUDGE JAMES D. CAIN, JR.**

**EXPERIAN INFORMATION SOLUTIONS**   **MAGISTRATE JUDGE DAVID J. AYO**
**INC ET AL**

## MEMORANDUM RULING

Before the court are Motions to Dismiss [docs. 95, 106, 128, 147, 166, 168, 175, 176] filed, respectively, by defendants LVNV Funding LLC; Mission Lane LLC; Credit Karma, LLC; Self Financial Inc. and SouthState Bank NA; Possible Financial Inc.; Transportation Alliance Bank Inc.; Maximus Education LLC; and Toyota Motor Credit Corporation (collectively, "movants") under Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff Devonte Francis opposes all of the motions.

## I.
### BACKGROUND

Plaintiff filed suit against various financial institutions and credit agencies in this court, in addition to the United States Department of Education and John Does 1–10, on August 8, 2025. Doc. 1. He raises claims "for violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Unfair, Deceptive, or Abusive Acts or Practices, Racketeer Influenced and Corrupt Organizations Act, Trafficking Victims Protection Act,

---

[1] Defendant Meritus Federal Credit Union moves for dismissal under Rule 12(b)(5), due to plaintiff's alleged failure to effect proper service. Doc. 104. Credit Karma, LLC also moves for dismissal under Rule 12(b)(2) for lack of personal jurisdiction. Because plaintiff's failure to state a claim inures to the benefit of all defendants, however, and is the quickest path to a resolution of this matter, the court addresses only the 12(b)(6) motions.

Computer Fraud and Abuse Act, and Civil Rights Under 42 U.S.C. § 1983." *Id.* at 1. His claims are centered on allegations that he is a recognized victim of trafficking and that the financial institutions and credit agencies were therefore required by Consumer Financial Protection Bureau ("CFPB") order No. 25014-18765891 to delete certain tradelines and refrain from any collection activity associated therewith. Notably, among over 400 pages of exhibits provided to this court, in addition to his motions for default judgment and responses to defendants' motions, plaintiff has yet to provide the referenced CFPB order.

Movants now request dismissal of plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), raising the absence of the CFPB order in addition to plaintiff's failure to state a claim under his various causes of action. In response plaintiff fails to address the substance of many of movants' arguments or provide the referenced CFPB order. Instead, he maintains that defaults entered against other defendants render his allegations admitted and that dismissal would waste judicial resources.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir.

2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

Every movant has noted the absence of the CFPB order, despite plaintiff's repeated assertions that it is attached. The court also observed in granting prior motions to set aside default that it had been unable to locate the order after reasonable inquiry. Doc. 161, p. 5. Plaintiff's failure to attach the alleged order robs his claims of legal recognition as a trafficking victim of all plausibility. He has had notice of this deficiency and multiple opportunities to cure it. The court interprets his failure "as a tacit confession that these claims cannot be improved." *O'Neal v. Universal Protection Serv., LLC*, 2022 WL 1631970, at *4 (M.D. La. May 23, 2022). Accordingly, no further opportunity for amendment will be given.

Because all of plaintiff's causes of action hinge on the alleged CFPB order/recognition, the court need not conduct an individual evaluation for each claim raised in this shotgun pleading. Instead, all claims are subject to dismissal. Because a defaulted

defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), this ruling inures to the benefit of all defendants—even those against whom a default has been entered.

### III.
#### CONCLUSION

For the reasons stated above, the Motions to Dismiss [docs. 95, 106, 128, 147, 166, 168, 175, 176] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 29th day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**